J. S14009/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 556 MDA 2015 |
| | : | |
| PAUL WOYCHIO | : | |

Appeal from the Order Entered February 17, 2015,
in the Court of Common Pleas of Luzerne County
Criminal Division at Nos. CP-40-CR-0001030-2014,
CP-40-CR-0001331-2014, CP-40-CR-0002323-2013,
CP-40-CR-0002466-2013, CP-40-CR-0002744-2014,
CP-40-CR-0002766-2013, CP-40-CR-0003338-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 09, 2016**

The Commonwealth appeals from the February 17, 2015 order entered by the Court of Common Pleas of Luzerne County adjudging Paul Woychio incompetent to proceed to trial.  We affirm.

The trial court set forth the following procedural history:

> From on or about May 20, 2013, through November 2014, the Defendant was charged with numerous violations of the Crimes Code.[Footnote 1] At a point in time thereafter, the Defendant was lodged in the Luzerne County Correctional Facility (LCCF) in lieu of bail pending a competency hearing, which initially was requested by the Commonwealth on June 2, 2014.  This Court issued an Order on June 4, 2014, and a hearing was ultimately held on Jan. 27, 2015, after multiple continuance requests, in part, to complete the professional evaluations.

---

* Former Justice specially assigned to the Superior Court.

On February 17, 2015, after a comprehensive hearing with evidence presented by experts for the Commonwealth[Footnote 2] and Defendant, this Court ruled that the Defendant was incompetent to proceed to trial and issued an Order consistent with our holding.

Subsequently, a timely notice of appeal was filed on March 18, 2015, and upon receipt of same we directed the Commonwealth to file a concise statement of errors complained of on appeal pursuant to PA.R.A.P. 1925(b). The Commonwealth filed the required statement on April 21, 2015, alleging the following error: "The Court abused its discretion when it found the Defendant incompetent to stand trial in light of evidence that showed he did have an ability to recall past events, including but not limited to, the name of his attorney, that he has been found incompetent, his date of birth, his receipt of Social Security benefits and his daily routine."

[Footnote 1] By way of example, the crimes alleged consisted of retail theft, defiant trespass, use /possession of drug paraphernalia, and a summary charge for trespass.

[Footnote 2] The Commonwealth also presented the lay testimony of a Wilkes-Barre City Police Officer regarding his observations and interaction with the Defendant. We do not believe that the time frame of the officer's observations and interactions, in particular his conversations with the Defendant and his brother for approximately one hour four years previously, aids our determination of Defendant's present capacity. Nor is Defendant's ability to identify one of several attorneys representing him to police significant to our decision. In addition, the issue is not whether the Defendant is mute, but rather whether

he is legally competent to stand trial in these cases.

For the reasons that follow we find the Commonwealth's error complained of devoid of merit.

Trial court opinion, 6/22/15 at 1-2.

The Commonwealth raises one issue for our review:

1. Whether the trial court abused its discretion when it found the Defendant incompetent to stand trial when the record shows the Defendant has the ability to understand the nature of the proceedings against him and can participate in his own defense?

Commonwealth's brief at 4.

A defendant is presumed to be competent to stand trial. Thus, the burden is on the defendant to prove, by a preponderance of the evidence, that he was incompetent to stand trial. In order to prove that he was incompetent, the defendant must establish that he was either unable to understand the nature of the proceedings against him or unable to participate in his own defense.

Stated otherwise, the relevant question in a competency determination is whether the defendant has sufficient ability at the pertinent time to consult with counsel with a reasonable degree of rational understanding, and to have a rational as well as a factual understanding of the proceedings.

We extend great deference to the trial judge's determination as to competency because he or she had the opportunity to observe directly a defendant's behavior. Furthermore, we note that it is a proper exercise of the trial court's discretion to accept one expert witness's opinion over that of a conflicting opinion where the record adequately supports such a resolution.

*Commonwealth v. Flor*, 998 A.2d 606, 617-618 (Pa. 2010) (citation omitted). The issue in a competency determination is whether the defendant is able to cooperate with counsel, not whether he is actually cooperating. *Id.* at 618 (citations omitted).

Here, the trial court held a competency hearing prior to finding appellee incompetent to proceed to trial. Two expert witnesses testified for the defense: Michael Allan Church, Ph.D., who was admitted as an expert in the field of psychology without objection; and Richard Fischbein, a board certified forensic psychiatrist who was admitted as an expert in the field of forensic psychiatry without objection. The Commonwealth called one expert witness: John Sebastian O'Brien, III, a board-certified forensic psychiatrist who was admitted as an expert in the field of psychiatry and forensic psychiatry without objection. The Commonwealth also called a lay witness: Officer Robert Collins of the Wilkes-Barre Police Department.

The court set forth in detail its reasons for declining to accept the opinion of the Commonwealth's expert. The court concluded as follows:

> While Dr. O'Brien was of the opinion that the Defendant was competent to stand trial, he nonetheless agreed with Dr. Fischbein's diagnosis, in that the Defendant suffered from a neuro-cognitive impairment.[] Where the experts disagree is with respect to how limited the Defendant is. Dr. Fischbein opined the Defendant is significantly impaired. In that regard, this Court finds Dr. Fischbein the more credible and persuasive witness.

Dr. Fischbein provided other indicia of Defendant's cognitive impairment to include noting the Defendant has a representative payee for purposes of administering his Social Security Disability benefit. He also stated that he did not believe the Defendant had the ability to feign his condition noting Dr. Saxton, Dr. Berger, and he were of a similar opinion as to his lack of competency. The doctor testified it would be difficult for Defendant over a period of time from 1998 to the present to be consistent in order to fool multiple psychiatrists and he did not believe the Defendant smart enough to fool all of the doctors that had been involved to date.

Based upon all of the aforementioned testimony[Footnote 12] and in particular Dr. Fischbein's reliance, in part, upon objective testing, we do not believe Defendant has ". . . sufficient ability at [this time] to consult with counsel *with a reasonable degree of rational understanding*, and [to] have a *rational as well as a factual understanding of the proceedings*[]*"* [citing to **Commonwealth v. Pruitt**, 951 A.2d 307, 316 (Pa. 2008) (emphasis added by trial court).]

[Footnote 12] Our decision is in part based upon this Court's observations of Defendant's demeanor and bearing.

Trial court opinion, 6/22/15 at 6-7 (Footnote 11 omitted).

Despite the trial court's thorough analysis, the Commonwealth claims that the trial court abused its discretion because it ignored the record as a whole, especially the testimony of the lay witness that the Commonwealth claims contradicted Dr. Fischbein's conclusion that appellee has no long-term recall. (Commonwealth's brief at 10-11.) In essence, the Commonwealth simply disagrees with the way that the trial court weighed the evidence as to appellee's incompetency and the court's ultimate determination based on

that evidence. Accordingly, the Commonwealth requests this court to reconsider the matter anew. That we will not do. Because the trial court provided a well-articulated and compelling rationale for its incompetency finding that is grounded in testimonial evidence and supported by the record, we will not disturb its determination.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2016